IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ARKOM CHULAMORKODT, M.D.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CH ALLIED SERVICES, INC.,** | ) | Civil No. **04-693-MJR** |
| **DAN GANTZ, DON RAMES,** | ) | |
| **BRIAN DOSSETT**, **LARRY CARROLL**, | ) | |
| **PEGGY SCHOLES, and** | ) | |
| **BUNNY BROSMAN,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's Motion to Compel Response to Request to Produce and for Entry of a Protective Order. **(Doc. 32)**. Defendants have filed a Response. **(Doc. 33)**.

Plaintiff is a physician who is suing CH Allied Services (which managed Fayette County Hospital) and various hospital employees for race discrimination related to his professional activities at the hospital. He is also pursuing state law interference with contract claims.

Plaintiff has served a request for production of documents, seeking forty categories of documents. Defendants have objected to each category.

The objections can be separated into two groups. First, some of the documents requested are medical records, and all parties recognize that there are concerns created by the Health Insurance Portability and Accountability Act (HIPPA) and associated federal regulations. These concerns can be addressed by the entry of an appropriate protective order.

The parties have conferred, but have been unable to agree upon a protective order. Plaintiff has proposed an order that would redact personal information but would identify patients by the initials. **(Exhibit D to Doc. 32)**. Defendants propose an order that would redact

1

initials from medical records, but would seal other documents in addition to medical records, namely, any materials which are believed by a party or witness to constitute personal, business, employment, personnel, financial, propriety, trade secret, or commercial data of a sensitive nature. **(Exhibit G to Doc. 33)**.

The Court agrees that it is appropriate to enter a protective order which complies with the dictates of HIPPA and the regulations enacted pursuant thereto.  However, neither of the proposed orders is satisfactory.

The parties are invited to review the protective order that was entered in the case of *Knight v. ALFA Leisure, 03-840-MJR*, for an example of a HIPPA qualified protective order.  In addition, the parties should review the Seventh Circuit opinions in ***Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999)**, and ***Union Oil Company of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000)**.  After review of these materials, counsel should attempt to draft a mutually acceptable protective order which satisfies HIPPA and the regulations, and which complies with Seventh Circuit precedent.

Plaintiff's motion does not contain a certification of good faith attempt to resolve defendants' non-HIPPA objections, as required by **Fed.R.Civ.P. 37(a)**.  The parties must attempt to resolve their differences before moving to compel.  The Court is confident that agreement can be reached on many, if not all, of defendants' objections.

For the foregoing reasons, plaintiff's Motion to Compel Response to Request to Produce and for Entry of a Protective Order **(Doc. 32)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  June 16, 2005.**

                            **s/ Clifford J. Proud**
                            **CLIFFORD J. PROUD**
                            **UNITED STATES MAGISTRATE JUDGE**